IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHEMAD KHALEEL and SHAHIDA TANVEER, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 21 C 992 |
| v. | ) ) | |
| AMGUARD INSURANCE COMPANY, | ) ) ) | Judge Robert W. Gettleman |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Mohemad Khaleel and Shahida Tanveer bring a three-count complaint against defendant Amguard Insurance Company, seeking declaratory judgment compelling the parties to proceed with an appraisal (Count I), damages for breach of contract (Count II), and an award of taxable costs under Section 155 of the Illinois Insurance Code (Count III). Plaintiffs have moved for judgment on the pleadings for Count I. For the reasons stated below, plaintiffs' motion (Doc. 16) is granted.

**BACKGROUND**

Plaintiffs are the owners of a sing-family residential dwelling in Oak Brook, Illinois (the "dwelling"). Defendant issued to plaintiffs a homeowners insurance policy effective November 13, 2019, to November 13, 2020 (the "Policy"). Under the Policy, defendant insured against direct physical loss or damage to the dwelling caused by or resulting from wind and hail. On April 7, 2020, the dwelling was damaged by wind and hail. Plaintiffs submitted a claim to defendants for damage to the roof of the dwelling. Defendant found there was hail damage to the soft metal vents on the roof and estimated repair costs to be $3,815.16. Defendant found no hail

damage to the roof itself. Plaintiffs disagreed with defendant's assessment and insisted that there was additional damage to the roof. Plaintiffs made a written demand for an appraisal pursuant to the Policy's appraisal provision. Defendant rejected plaintiffs' appraisal demand, claiming that the damage to the roof was due to wear and tear, and therefore constituted an excluded cause under the Policy. Plaintiffs then filed a three-count complaint against defendant, which defendant has answered.

## DISCUSSION

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed. "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party … is entitled to judgment as a matter of law." Unite Here Local 1 v. Hyatt Corp., 862 F.3d 588, 595 (7th Cir. 2017). A district court is confined to matters in the pleadings and must consider the pleadings in the light most favorable to the non-moving party. Id. Pleadings include "the complaint, the answer, and any accompanying written instruments attached as exhibits." Rube v. PartnerRe Ireland Ins. DAC, 470 F.Supp.3d 829, 943 (N.D. Ill. 2020) (citing N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 452 (7th Cir. 1998)).

Under Illinois law, an insurance policy is a contract, and the standard rules of contract interpretation apply—the "primary objective is to ascertain and give effect to the intention of the parties, as expressed in the policy language." Westfield Ins. Co. v. Vandenberg, 796 F.3d 773, 777-78 (7th Cir. 2015) (internal quotations omitted). "[I]f the terms of the policy are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy." Pekin Ins. Co. v. Wilson, 930 N.E.2d 1011, 1017 (Ill. 2010). However, a policy provision is not ambiguous solely because the parties disagree about its

interpretation. Founders Ins. Co. v. Munoz, 930 N.E.2d 999, 1004 (Ill. 2000). An appraisal clause is considered analogous to an arbitration clause and therefore is enforceable by the court. Lundy v. Farmers Grp. Inc., 750 N.E.2d 314, 318 (2001).

It is undisputed that the Policy covers hail damage to the dwelling. The parties dispute whether plaintiff can request an appraisal. The appraisal provision states:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you and we may request that the choice be made by a judge of a court of record in the state where the "resident premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their difference to the umpire. A decision agreed to by any two will set the amount of loss.

Under the plain language of the Policy, if the parties disagree as to the "amount of loss," either party may request an appraisal. At the forefront of the parties' argument is whether this issue involves a coverage dispute, for the court to determine, or a loss dispute, for an appraiser to assess. Plaintiffs assert that when an insurer admits there is a covered loss, determining the extent and causation of the damage is part of the "amount of loss" determination and is subject to the appraisal clause. Put more simply, plaintiffs claim that the instant dispute is not a coverage dispute. Plaintiffs further assert that causation is a coverage question for the court only when the insurer wholly denies that there is a covered loss. According to plaintiffs, since defendant has admitted that hail damage is a covered loss, whether the roof was damaged by the hail is an amount of loss question for the appraiser, not a coverage question for the court.

Defendant, on the other hand, frames this dispute as whether the damage to the roof was caused by hail or by wear and tear (the latter is excluded from coverage). Defendant contends that it has not admitted coverage for the hail damage to the roof, and thus, this is a coverage dispute

3

for which appraisal is inappropriate. Defendant has acknowledged hail damage to the soft metal vents on top of the roof, but denies that the roof itself was damaged by the hail. Relying on Breckenridge Apartment Homes, LLC v. Greater N.Y. Mut. Ins. Co., 2016 WL 11700913 (N.D. Ill. Oct. 31, 2016),[1] defendant claims that these types of causation disputes are not subject to appraisal.

Numerous courts within this district agree with plaintiffs and "routinely reject[] the argument that issues implicating damage causation are not appropriate for resolution by appraisal." B&D Invest. Grp., LLC v. Mid-Century Ins. Co., 2021 WL 612583 (N.D. Ill. Dec. 28, 2021) (granting insured's motion for judgment on the pleadings and directing parties to engage in appraisal process to determine the amount of hail loss to the property, despite defendant's arguments that the hail damaged only the soft vents on the roof and not the roof itself); see also, Adam Auto Grp., Inc. v. Owners Ins. Co., 2019 WL 4934597, at *2 (N.D. Ill. Oct. 7, 2019) ("To determine which damages…are pertinent to calculation of the amount of loss, an appraiser would necessarily need to distinguish between [causes of] damages."); Spring Point Condo. Ass'n v. QBE Ins. Corp., 2017 WL 8209085, at *2-3 (N.D. Ill. Dec. 13, 2017) (holding that an appraisal was appropriate because the disparity in valuation between the parties was based on a disagreement as to the cause of the damage); Phila. Indem. Ins. Co. v. Northstar Condo Ass'n, 2016 WL 11762923, at *4 (N.D. Ill. Oct. 18, 2016) ("Whether other damage was already present or occurred after the April 2014 storm are factors for the appraiser to take into consideration when making his assessment.").

The court agrees with these cases and with plaintiffs' reading of the Policy. Because defendant has acknowledged that some portion of the dwelling was damaged by hail and

---

[1] Breckenridge appears to be an outlier in its holding and is inconsistent with the majority of cases in this district to have addressed this exact issue.

4

constitutes a covered loss, this instant suit is not a coverage dispute but a dispute over the amount of loss. "No matter how [defendant] attempts to reword the problem, there is a disagreement as to the amount of loss (damage) from the…storm." Phila. Indem. Ins. Co., 2016 WL 11762923, at *5. Consequently, appraisal is appropriate. To hold otherwise would permit an untenable reading of the Policy, where defendant could separate its coverage based on individual components of the building such as each roof shingle, gutter, or vent cover. The express language of the policy does not permit such a reading, because it grants coverage to the dwelling as a whole. See B&D Invest. Grp., 2021 WL 612583, at *3 (rejecting defendant's arguments and holding that the policy "only requires loss or damage to the building, not loss or damage to each individual building component, such as the roof" in order to proceed with appraisal). Because the parties dispute the amount of loss to the dwelling, appraisal is appropriate.

## CONCLUSION

For these reasons, the court grants plaintiffs' motion for judgment on the pleadings on Count I (Doc. 16) and directs the parties to engage in the appraisal process under the Policy. This case is stayed pending the outcome of the appraisal. The court directs the parties to file a joint status report using this court's form on or before May 12, 2022.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: February 11, 2022**

5